UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BONAFACIO AGUJA MAKINANO,<br><br>                              Plaintiff,<br><br>-against-<br><br>UR MENDOZA JADDOU, in her capacity as Director of the United States Citizenship and Immigration Services, Department of Homeland Security,<br><br>                              Defendant. | 1:21-CV-10111 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Bonafacio Aguja Makinano, who resides in Elmhurst, Queens County, New York, brings this *pro se* action in which he sues Ur Mendoza Jaddou in her capacity as the Director of United States Citizenship and Immigration Services (USCIS), a subdivision of the United States Department of Homeland Security. Plaintiff seeks relief from USCIS's actions and decisions with regard to Plaintiff's petitions for alien relatives (I-130 petitions) that he filed for his two adopted minor children who reside in the Philippines. The Court construes Plaintiff's complaint as seeking mandamus relief under 28 U.S.C. § 1361 or relief under the Administrative Procedure Act, 5 U.S.C. §§ 702, 703. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(e)(1). Under that provision:

> [a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action . . . .

28 U.S.C. § 1391(e)(1). For venue purposes, "a natural person" resides "in the judicial district in which that person is domiciled." § 1391(c)(1).

Plaintiff does not allege any facts showing that this court is proper venue for this action. On the civil cover sheet that is attached to the complaint, Plaintiff provides an address for Jaddou that is a USCIS office in Camp Springs, Maryland (ECF 1, at 2), but he does not specify where Jaddou resides. He also does not specify where a substantial part of the events or omissions giving rise to the claims occurred. He does specify, however, that he currently resides in Elmhurst, Queens County, which lies in the Eastern District of New York, *see* 28 U.S.C. § 112(c), and it is plain that there is no real property involved in this action.

The only court that clearly appears to be a proper venue for this action is the Eastern District of New York, the judicial district in which Plaintiff resides. Accordingly, venue lies in the Eastern District of New York, *see* § 1391(e)(1)(C), and the Court therefore transfers this action to that court, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

3

The Court also directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  December 1, 2021
         New York, New York

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                   Chief United States District Judge